**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-4782**

─────────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

BRIAN RAY DINNING,

                Defendant - Appellant.

─────────────

**No. 13-4815**

─────────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

BRIAN RAY DINNING,

                Defendant - Appellant.

─────────────

Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, District Judge. (2:12-cr-00140-RAJ-1; 2:12-cr-00084-RAJ-LRL-1)

─────────────

Submitted: May 29, 2014          Decided: June 13, 2014

─────────────

Before GREGORY, KEENAN, and FLOYD, Circuit Judges.

─────────────

Affirmed in part; dismissed in part by unpublished per curiam opinion.

———————————

Patricia Palmer Nagel, THE LAW OFFICES OF PATRICIA PALMER NAGEL, PLC, Williamsburg, Virginia, for Appellant. Dana J. Boente, Acting United States Attorney, Stephen W. Haynie, Elizabeth M. Yusi, Assistant United States Attorneys, Norfolk, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated cases, Brian Ray Dinning seeks to appeal the 150-month sentence imposed after he pleaded guilty, pursuant to a written plea agreement, to one count of wire fraud, 18 U.S.C. § 1343 (2012), and one count of bank fraud, 18 U.S.C. § 1344 (2012). On appeal, Dinning argues that the Government breached the plea agreement during its rebuttal argument at sentencing. He further contends that his sentence is procedurally and substantively unreasonable. The Government responds that no such breach occurred, and that Dinning's appeal of his sentence should be dismissed based on the waiver of appellate rights contained in the plea agreement.

The plea agreement included the parties' nonbinding stipulation that certain specific offense characteristics and sentencing enhancements were or were not applicable. In particular, the parties stipulated that the specific offense characteristic contained in U.S. Sentencing Guidelines Manual § 2B1.1(b)(9)(A) (2012) did not apply because the offense did not involve a misrepresentation that Dinning was acting on behalf of a charitable organization. The plea agreement did not contain any provision that bound either party's sentencing argument or recommendation.

In the presentence report, the probation officer recommended that the charitable organization enhancement should

3

apply.  Prior to sentencing, both Dinning and the Government objected to the application of this enhancement.  At the sentencing hearing, the Government refused to present evidence supporting the charitable organization enhancement and continued its objection.  The district court sustained the objections and did not apply the two-point enhancement, but noted its belief that the record contained sufficient evidence to support it.  With Dinning's advisory Guidelines range set at seventy to eighty-seven months without the enhancement, the parties argued for an appropriate sentence.  Dinning advocated a downward variance sentence of thirty months.  In its rebuttal argument, the Government stated that the district court could consider that Dinning misused charitable organizations in considering whether to sentence Dinning at the high end of the Guidelines range.  The district court imposed an upward variance sentence of 150 months, noting that Dinning had abused his victims' charitable wishes.

On appeal, Dinning argues that the Government's argument breached the plea agreement because the plain language of the agreement prohibited the Government from arguing during any portion of the sentencing hearing that the offense involved misuse of charitable organizations.  Because Dinning did not assert before the district court that the Government breached the plea agreement, we review for plain error.  Puckett v.

4

*United States*, 556 U.S. 129, 133-34 (2009). Accordingly, Dinning must show not only that the Government plainly breached his plea agreement, but also that he was prejudiced by the error and that "the breach was so obvious and substantial that failure to notice and correct it affect[s] the fairness, integrity or public reputation of the judicial proceedings." *United States v. McQueen*, 108 F.3d 64, 66 (4th Cir. 1997) (internal quotation marks omitted).

"The interpretation of plea agreements is guided by contract law, and parties to the agreement should receive the benefit of their bargain." *Id.* We "apply the plain meaning of the agreement's terms" in order to achieve that goal. *United States v. Yoohoo Weon*, 722 F.3d 583, 588 (4th Cir. 2013). The Government breaches a plea agreement when a promise it made to induce the plea remains unfulfilled. *Santobello v. New York*, 404 U.S. 257, 262 (1971). However, "the government is held only to those promises that it actually made, and the government's duty in carrying out its obligations under a plea agreement is no greater than that of fidelity to the agreement." *United States v. Dawson*, 587 F.3d 640, 645 (4th Cir. 2009) (internal quotation marks omitted).

Our review of the record leads us to conclude that the Government did not plainly breach the plea agreement. The section of the plea agreement containing the disputed language

5

specifically referred to Fed. R. Crim. P. 11(c)(1)(B), regarding nonbinding Guideline provision recommendations, and was prefaced with language stating that the parties had agreed that certain specific offense characteristics were or were not applicable. The agreement does not contain a provision purporting to bind the Government's sentencing recommendation or the arguments it could use to support its recommendation. Finally, the document contained an integration clause stating that it represented the entire agreement between the parties. Accordingly, finding no support for Dinning's claim of breach, we affirm his conviction.

When the government seeks to enforce an appeal waiver and did not breach its obligations under the plea agreement, we will enforce the waiver if it was knowing and intelligent and the issues raised on appeal fall within the scope of the agreement. United States v. Blick, 408 F.3d 162, 168-69 (4th Cir. 2005). The waiver in this case provides that Dinning waived his right to appeal any sentence within the statutory maximum or the manner in which the sentence was determined, and Dinning does not challenge its validity.

We have identified a "narrow class of claims" that fall outside the scope of any appeal waiver. This class includes "errors that the defendant could not have reasonably contemplated when the plea agreement was executed," United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007)

6

(internal quotation marks omitted), and involves "fundamental issues — such as challenges claiming a district court exceeded its authority, claiming that a sentence was based on a constitutionally impermissible factor such as race, or claiming a post-plea violation of the right to counsel." United States v. Thornsbury, 670 F.3d 532, 539 (4th Cir. 2012). We conclude that Dinning's arguments are not among this "narrow class of claims." His assertions that his sentence is procedurally and substantively unreasonable fall squarely within the scope of the appellate waiver and are precisely the arguments his appellate waiver contemplated.

Accordingly, while we affirm Dinning's convictions, we dismiss the appeals of his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

7